# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**MARC SCHOFIELD,**
**Claimant Below, Petitioner**

**FILED**
**April 25, 2019**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)     No. 18-0698** (BOR Appeal No. 2052550)
(Claim No. 2016019539)

**SPARTAN MINING COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Marc Schofield, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Spartan Mining Company, by Sean Harter, its attorney, filed a timely response.

The issue on appeal is the amount of permanent partial disability impairment in this claim. On October 20, 2016, the claims administrator granted Mr. Schofield a 4% permanent partial disability award. The Workers' Compensation Office of Judges reversed the claims administrator's decision on January 17, 2018, and granted an additional 4% permanent partial disability award, for a total of 8% permanent partial disability in the claim. This appeal arises from the Board of Review's Order dated July 6, 2018, in which the Board reversed the January 17, 2018, Order of the Office of Judges. The Board of Review vacated the decision of the Office of Judges and reinstated the October 20, 2016, Order of the claims administrator.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Schofield is a miner who was employed by Spartan Mining Company (Alpha Natural Resources) as a shuttle car operator. On January 27, 2016, he was moving cable at the Rock Fork Mine and became off balance and fell to his right side while trying to catch himself. He heard a "pop" in his left knee and immediately suffered great pain. His supervisor advised him to sit for a period of time. After his shift was over, he filled out an accident report. He eventually sought

1

treatment at Appalachian Regional Hospital in Beckley, West Virginia. X-rays were negative for fractures but positive for effusion.

Mr. Schofield was referred to Barry A. Levin, M.D., an orthopedic surgeon, for further examination of his knee. On February 4, 2016, Dr. Levin's examination of Mr. Schofield revealed mild effusion and pain with flexion and extension. Dr. Levin noted that an x-ray of the left knee revealed mild arthritis. Dr. Levin ordered an MRI of the left knee, which was conducted on February 27, 2016. The MRI revealed tears of the anterior cruciate ligament and posterior horn of the lateral meniscus. On April 8, 2016, Dr. Levin performed the arthroscopic knee surgery to debride the anterior cruciate loose fibers and the lateral meniscus as well as fibrillated cartilage under the patella. The post-operative diagnoses were tears of the anterior cruciate ligmanet, tear of the lateral meniscus, and patellofemoral arthrosis.

On June 29, 2016, Dr. Levin referred Mr. Schofield for physical therapy with BodyWorks in Pineville, West Virginia. BodyWorks developed a therapy plan to reach Mr. Schofield's highest physical and functional level within a six week time frame. A progress note dated July 13, 2016, indicated that Mr. Schofield's left knee strength rated 3+/5, with a range of motion three to 116 degrees with pain at end ranges. At the time of the examination, Mr. Schofield presented with antalgic gait and reported instability of the left knee.

Mr. Schofield returned to Dr. Levin for a follow-up evaluation on August 18, 2016. Dr. Levin noted that there was some tenderness in the left knee. However, Dr. Levin listed the left knee range of motion as being normal and his assessment was listed as much improved. Mr. Schofield was ordered to continue with his exercise program and to return for another evaluation in two months. Dr. Levin was of the opinion that Mr. Schofield was unable to work because his work requires excessive kneeling in low coal.

Mr. Schofield was examined for an independent medical evaluation with Prasadarao B. Mukkamala, M.D. In his report dated September 28, 2016, Dr. Mukkamala diagnosed Mr. Schofield with sprain of the left knee, status post arthroscopic debridement of the anterior cruciate ligament and lateral meniscus. Dr. Mukkamala concluded that Mr. Schofield had reached his maximum medical improvement. Using Table 41 of the American Medical Associations *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("AMA *Guides*"), Dr. Mukkamala found 4% whole person impairment for Mr. Schofield's mild limitation of motion at the left knee. Examination of the lower extremities revealed that at the left knee, extension was full and flexion was limited to 105 degrees. Dr. Mukkamala noted that, except for the left knee, range of motion was good in both lower extremities.

By Order dated October 20, 2016, the claims administrator granted Mr. Schofield a 4% permanent partial disability award. The claims administrator based its award upon the September 28, 2016, assessment by Dr. Mukkamala. Mr. Schofield protested the claims administrator's decision.

Mr. Schofield was examined by Robert B. Walker, M.D., for an independent medical examination on April 21, 2017. In his June 26, 2017, report, Dr. Walker reported that he

performed a range of motion examination of Mr. Schofield's left knee. The knee flexed to 90 degrees and extended to negative fourteen degrees. For comparison purposes, the right knee flexed to 120 degrees and extended to negative four degrees. In his final assessment, Dr. Walker incorrectly noted that he was providing an impairment rating for Mr. Schofield's right knee. Using Table 41 of the AMA *Guides*, Dr. Walker opined that Mr. Schofield's extension to negative fourteen degrees, less than neutral, would warrant an 8% whole person impairment.

The Employer submitted an independent medical evaluation report by Syam B. Stoll, M.D., dated September 20, 2017. Dr. Stoll examined Mr. Schofield and noted that he had sustained a cruciate ligament tear, secondary to crawling on his knees and this had resulted in osteoarthritis of the kneecap. Range of motion was measured to be 115 degrees of flexion and positive ten degrees of extension. For the right knee, Dr. Stoll measured flexion to 120 degrees and extension to be eleven degrees, with no appreciable ligament laxity. His assessment was left knee sprain status post arthroscopy with anterior cruciate ligament and lateral meniscus debridement. After finding that Mr. Schofield had reached his maximum medical improvement, Dr. Stoll utilized Table 41 of the AMA's *Guides*, and found that the left knee flexion to 115 degrees and extension to positive ten degrees did not yield any impairment. However, Dr. Stoll used Table 64 of the AMA's *Guides* for the partial lateral meniscectomy to determine 1% whole person impairment and 3% whole person impairment for cruciate or collateral ligament laxity in the mild category. Combining the two values, Dr. Stoll opined that Mr. Schofield has 4% whole person impairment for his injury. Dr. Stoll also addressed the assessments of Drs. Mukkamala and Walker. Dr. Stoll commented that Dr. Walker's 8% impairment rating was not valid or reliable because Dr. Walker's finding of a lack of fourteen degrees to full extension of the left knee was not supported by a review of the medical records. Dr. Stoll stated that Drs. Mukkamala and Levin, as well as the physical therapist at BodyWorks, all found greater range of motion of the left knee than Dr. Walker reported.

By Order dated January 17, 2018, the Office of Judges reversed the claims administrator's 4% award and granted Mr. Schofield an 8% permanent partial disability award based upon the opinion of Dr. Walker. In its findings, the Office of Judges stated that all three reports for impairment in the record are quite different. The Office of Judges found the reports of Drs. Mukkamala and Walker to be credible for the assessment of Mr. Schofield's impairment. The Office of Judges discounted Dr. Stoll's report because he used a diagnosis-based impairment rating system instead of the range of motion assessment. Because the reports from Drs. Mukkamala and Walker were found to be equally reliable, the Office of Judges applied West Virginia Code § 23-4-1g (2003) and adopted Dr. Walker's rating to resolve the dispute in favor of Mr. Schofield. Spartan Mining Company appealed to the Board of Review.

The Board of Review determined that the substantial rights of the Employer had been prejudiced and reversed the decision of the Office of Judges. The Board found that Drs. Mukkamala and Stoll set forth objective findings and made specific Table citations from the AMA *Guides*. Their reports were deemed reliable and credible, and the Board of Review concluded that Mr. Schofield is entitled to a 4% permanent partial disability award for his left knee injury. Accordingly, the Board of Review entered an Order dated July 6, 2018, reversing the decision of the Office of Judges, and the January 17, 2018, Order was vacated. The Board of

Review reinstated the claims administrator's October 20, 2016, decision which granted Mr. Schofield a 4% permanent partial disability award.

After review, we agree with the reasoning and conclusions of the Board of Review. The Office of Judges erred in determining that Dr. Walker's report was equally weighted as the report of Dr. Mukkamala. The Board accepted the opinion of Dr. Stoll that Dr. Walker's finding that Mr. Schofield lacks fourteen degrees of full extension in the left knee is not supported by the record. Dr. Levin, the surgeon of record, found that the left knee range of motion was normal. Mr. Schofield's physical therapists at BodyWorks reported that left knee range of motion was three to 116 degrees. Drs. Mukkamala and Stoll also found greater range of motion in Mr. Schofield's left knee than what was found by Dr. Walker. Dr. Stoll attributed Dr. Walker's finding to be a result of suboptimal effort, rather than a true assessment of his limitations. The evidence supports that Mr. Schofield should be granted a 4% permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** April 25, 2019

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISSENTING:**
Justice Margaret L. Workman

4